# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0073, <u>Nancy S. Stillwagon v. State of New Hampshire & a.</u>, the court on January 30, 2015, issued the following order:**

We grant the State's motion to strike exhibits from the plaintiff's reply brief appendices. To the extent that the plaintiff, in her objection, requests that we order the State "to produce the R.S.A. 161-F administrative record," the request is denied. Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Nancy Stillwagon, appeals orders of the Superior Court (<u>O'Neill</u>, J.) dismissing her complaint against twenty-one defendants. In the complaint, she asserted fifteen causes of action arising out of: (1) her relationship with an individual who is now deceased; (2) statements allegedly made concerning that relationship; (3) an investigation by the New Hampshire Department of Health and Human Services, Bureau of Elderly and Adult Services into allegations that she exploited the decedent, and a determination that the allegations were founded, <u>see</u> RSA 161-F:46 (2014); (4) guardianship proceedings involving the decedent, <u>see</u> RSA chapter 464-A (2004 & Supp. 2014); and (5) the decedent's hospitalization and medical treatment. In dismissing the complaint, the trial court concluded that: (1) the plaintiff lacked standing to assert certain claims belonging to the decedent; (2) certain defendants associated with the State of New Hampshire were entitled to immunity; (3) certain of the plaintiff's claims were time-barred; (4) certain of the statements upon which the plaintiff premised liability were privileged; (5) one of the defendants had not been properly served; and (6) none of the causes of action stated a claim upon which relief could be granted against any of the defendants. On appeal, the plaintiff argues that the complaint asserted valid causes of action, that all of the defendants violated her state constitutional rights to equal protection and due process, and that most of the defendants failed to comply with her document discovery requests or to file a counter-affidavit in response to her motion for summary judgment.

As the appealing party, the plaintiff has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. ___, ___ (decided September 12, 2014). Based upon our review of the trial court's orders, the plaintiff's

challenges to them, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error.  See id.

Affirmed.

Dalianis, C.J., and Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**